PEARSALL & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12722.    Promulgated January 26, 1927.

The amount of debts ascertained to be worthless and charged off in 1920 determined.

*Edward C. Craft, C. P. A.,* for the petitioner.
*F. O. Graves, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1920 in the amount of $6,469.69.   The question in issue is the right of the petitioner to deduct from gross income $35,577.24 for bad debts charged off within the year, in addition to the amount of $5,288.46 allowed by the Commissioner.

### FINDINGS OF FACT.

The petitioner is a North Carolina corporation engaged in the sale of fertilizers and fertilizer materials.   It had been in business for

some ten or fifteen years prior to 1920. Its sales of fertilizers were to farmers, principally for the growing of cotton and tobacco. Liberal credit was extended to purchasers. In some cases the credit was extended upon the reputation and past experience of the petitioner with the purchaser, in others upon their financial standing, and in others upon crop liens and secured notes. The cotton and tobacco crops for 1920 turned out very poorly and sold at very low prices, with the result that farmers were generally unable to pay their debts from crop returns. At the end of the year 1920 petitioner's notes receivable amounted to $111,579.33, and its accounts receivable at December 31, 1920, prior to charging off any worthless debts, amounted to $39,222.71. All of the notes receivable had been given in 1920 and matured prior to December 31, 1920. The petitioner made every reasonable effort to collect its notes receivable and accounts receivable during the year 1920. It made investigations of the records at the county seats in which its debtors lived, got information by personal visits as to the ability of its debtors to pay, checked up the crops where it had crop liens, and obtained the advice of the best attorneys not only in its home town, but in adjoining towns where the attorneys knew the conditions and the ability of the parties to pay. As a result of its investigations the petitioner reached the conclusion prior to December 1, 1920, that $29,691.48 of its notes receivable and $11,174.22 of its accounts receivable were bad and uncollectible, and it charged such bad and uncollectible notes and accounts, in the total amount of $40,865.70, to profit and loss in 1920 and claimed that amount as a deduction from gross income in its income-tax return for that year.

In the audit of petitioner's tax return for 1920, the Commissioner addressed a letter of inquiry to the petitioner asking for information as to how the worthlessness of the notes receivable and accounts receivable was determined, and the answer received showed an itemized statement of the notes and accounts and the year in which many of them were paid and collected. The Commissioner noted that a great majority of the accounts included in the list were collected in 1921 to 1925, inclusive. The Commissioner went over the list and out of the total selected the accounts upon which no collection had been made, and allowed such total, in the amount of $5,288.46, as a deduction from gross income and disallowed the deduction of $35,577.24.

In 1921 and subsequent years the petitioner did not cease its efforts to collect all outstanding accounts. In some cases it made additional sales and extended further credit to its debtors and took back a crop lien note for the sale of fertilizer plus the amount of the indebtedness of the purchaser as of December 31, 1920. Wherever the petitioner received cash or a renewal note in payment of a note

or account that had been charged off in 1920, such amount was restored to the books of account and was taken up in income in the year for which the cash or note was received. The records of Pearsall & Co. disclose that notes and accounts charged off in 1920 were put back through the books in cash and renewals as follows:

| | |
|---|---:|
| 1921 | $18,942.94 |
| 1922 | 4,986.49 |
| 1923 | 4,155.50 |
| 1924 | 3,507.15 |
| 1925 | 409.67 |
| | 32,001.75 |

OPINION.

SMITH: At the hearing of this appeal the Commissioner admitted the right of the petitioner to deduct from gross income for the year 1920, in addition to the amounts allowed by the Commissioner, the following:

| | |
|---|---:|
| Auditing services contracted and paid for in 1920 | $550.00 |
| Depreciation disallowed | 33.99 |
| Additional depreciation | 15.55 |

The only question submitted to the Board for its consideration is the right of the petitioner to deduct from gross income of 1920 $35,577.24 for bad debts disallowed as a deduction by the Commissioner, upon the ground that they were not ascertained to be worthless in 1920. The evidence satisfies us that the accounts charged off as worthless at December 31, 1920, were ascertained to be worthless in 1920 within the purview of section 234(a) (5) of the Revenue Act of 1918.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

TRAMMELL dissents.